**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
    Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY PENSION TRUST, TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY HEALTH AND WELFARE TRUST, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY RETIREE HEALTH TRUST, TRUSTEES OF THE UNITED ASSOCIATION LOCAL NO. 290 APPRENTICESHIP AND JOURNEYMEN TRAINING TRUST FUND, TRUSTEES OF THE INTERNATIONAL TRAINING FUND, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY VACATION, SCHOLARSHIP AND EDUCATIONAL REIMBURSEMENT TRUST, TRUSTEES OF THE PLUMBING AND PIPING MANAGEMENT TRUST FUND, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY LABOR MANAGEMENT COOPERATION TRUST, and | Civil No. _____<br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

Page 1 – **COMPLAINT**

PLUMBERS, STEAMFITTERS AND MARINE
FITTERS LOCAL NO. 290,

    Plaintiffs,
  v.

BURCH CONSTRUCTION, INC.,

    Defendant.

_____

  Plaintiffs allege:

## I

## THE PARTIES

  1.  Plaintiffs are the Trustees of the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Pension Trust ("Local Pension Fund"), Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Health and Welfare Trust ("Health Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Retiree Health Trust ("Retiree Health Fund"), the United Association Local 290 Apprenticeship and Journeymen Training Trust Fund ("Local Training Fund"), the International Training Fund ("ITF"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Vacation, Scholarship and Educational Reimbursement Trust ("VSE Fund"), the Plumbing and Piping Management Trust Fund ("Management Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Labor Management Cooperation Trust ("Cooperation Trust") (collectively, "Trust Funds") and Plumbers, Steamfitters and Marine Fitters Local No. 290 ("Union").

  2.  The Local Pension Fund and National Pension Fund are "employee pension benefit plans" as that term is defined in 29 U.S.C. §1002(2)(A) of the Employee Retirement

Page 2 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

Income Security Act of 1974, as amended ("ERISA"). The Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund are "employee welfare benefit plans" as that term is defined in 29 U.S.C. §1002(1) of ERISA.

3. Numerous employers pay fringe benefits to the Local Pension Fund, National Pension Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. §1002(37)(A) of ERISA.

4. The Trustees of the Local Pension Fund, National Pension Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund have discretionary authority to control and manage these funds and are "fiduciaries" of these funds as that term is defined in 29 U.S.C. §1002(21)(A) of ERISA.

5. The Management Fund is a trust fund created pursuant to a Trust Agreement and is governed by a board of trustees. Employers signatory to or bound by collective bargaining agreements with the Union make monetary contributions to the Management Fund and the monetary contributions are used to promote and provide support services to the plumbing and pipefitting industries in Oregon, southwest Washington and northern California.

6. The Cooperation Trust is a trust fund created pursuant to a trust agreement and governed by a board of trustees. Employers signatory to or bound by collective bargaining agreements with the Union make monetary contributions to the Cooperation Trust and the monetary contributions are used to operate a labor-management cooperation committee consistent with the requirements of 29 U.S.C. §175a of the Labor-Management Relations Act ("LMRA").

///   ///

Page 3 – **COMPLAINT**

7.      The Union is a "labor organization" as that term is defined in 29 U.S.C. §152(5) of the LMRA and has with its principal office and place of business in Washington County, Oregon.

8.      Defendant is an Oregon corporation. At all times material to this proceeding (December 2015, to date), defendant has been an "employer" as that term is defined in 29 U.S.C. §152(2) of the LMRA and 29 U.S.C. §1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§142(1) and (3) of the LMRA and 29 U.S.C. §1002(12) of ERISA.

II

JURISDICTION

9.      The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Local Pension Fund, National Pension Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund against defendant for violation of 29 U.S.C. §§1132 (a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. §1132(e)(1) of ERISA.

10.     At all times material to this proceeding (December 2015, to date), a written collective bargaining agreement existed between the Union and defendant.  The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of defendant affect commerce.  The Court has jurisdiction over the Claim for Relief brought by each plaintiff against defendant for breach of the collective bargaining agreement pursuant to the provisions of 29 U.S.C. §185(a) of the LMRA.

///     ///

///     ///

///     ///

Page 4 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

### III

### JOINDER

11.     The obligations of defendant to plaintiffs arise out of the same collective bargaining agreement.  Common questions of law and fact govern the claims that each plaintiff has against defendant.

### IV

### CLAIM FOR RELIEF

12.     At all times material to this proceeding (December 2015, to date), defendant has been bound by a written collective bargaining agreement with the Union.  Under the terms of the collective bargaining agreement, defendant agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds.  The Trust Agreements that created the Trust Funds provide that the Trustees for each Trust Fund have the right to require an employer to promptly furnish them with payroll records, information, data, reports and other documents reasonably relevant to and suitable for the administration of the Trust Funds. Through their accountants, the Trustees of the Trust Funds have requested that defendant provide certain information necessary to determine whether defendant understands and is adhering to its reporting obligations.

13.     Defendant has failed to cooperate in that regard despite multiple requests. This action by defendant constitutes a breach of the collective bargaining agreement and a violation of the Trust Agreements that created the Trust Funds.

///     ///

///     ///

///     ///

Page 5 – **COMPLAINT**

14. Defendant should be required to produce all books, payroll records, information, data, reports and other documents necessary for the auditor retained by the Trustees of the Trust Funds to determine whether all required fringe benefit contributions have been paid for defendant's employees who performed work covered by the collective bargaining agreement from December 1, 2015, through the date that the field work is performed.

15. The Trustees of the Trust Funds have no plain, speedy or adequate remedy at law.

16. The Trust Agreements that created the Trust Funds provide that they are entitled to recover reasonable attorney fees from an employer such as defendant when litigation is necessary to require an employer to comply with the employer's obligations under the Trust Agreements. Defendant should be required to pay the Trust Funds' reasonable attorney fees for the time spent compelling the payroll examination of its books and records.

17. The Trustees of the Local Pension Fund, National Pension Fund, Health Fund, Retiree Health Fund, Training Fund, ITF and VSE Fund are also entitled to recover their reasonable attorney fees from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(1) of ERISA.

WHEREFORE, plaintiffs pray for a decree and judgment against defendant as follows:

1. Requiring defendant to produce all books, payroll records, information, data, reports and other documents necessary for the auditor retained by the Trustees of the Trust Funds to determine whether all required fringe benefit contributions have been paid for defendant's employees who performed work covered by the collective bargaining agreement from December 1, 2015, through the date that the field work is performed;

///     ///

///     ///

Page 6 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

2.   Requiring defendant to pay the Trust Funds' reasonable attorney fees;

3.   Requiring defendant to pay plaintiffs' costs and disbursements incurred herein;

and

4.   For such further equitable relief as the Court deems just and proper.

DATED this 3rd day of July 2019.

                                         **BROWNSTEIN RASK, LLP**

                                         /s/ Cary R. Cadonau
                                         Cary R. Cadonau, OSB #002245
                                         Attorney for Plaintiffs